Enrique MEDINA FERNANDEZ, Ginas Jiminez Nortes, Victor Rodriguez, Manuel Fernandez Rodriguez and Augustin Cabrera Oroza, Appellants,

v.

Charles C. HARTMAN, Commandant, Eleventh U. S. Naval District, and Albert Del Guercio, District Director of Immigration, Appellees.

No. 15657.

United States Court of Appeals
Ninth Circuit.

June 9, 1958.

A. L. Wirin, Hugh R. Manes, Los Angeles, Cal., Francis Heisler, Carmel, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

The prediction that petitioners would be shot, if returned to Spain by our government, was made on the hearing upon the merits by their counsel. There was ample evidence that petitioners themselves sincerely entertained that belief.

Now, notwithstanding their previous desertion from a Spanish vessel while on shore leave and subsequent departure from the United States to Mexico, which presently offers them sanctuary if they can again cross the border, the same counsel urges release on nominal bail pending decision of the appeal from denial of a writ of habeas corpus. The policy-making officials of our government have directed that the motion for bail on such terms be not vigorously opposed. Escape to Mexico would moot this proceeding.

Petitioners are entitled to a determination as speedily as this Court can agree upon an opinion. But, under the circumstances, release on bail must be denied.

TRIANGLE FINISHING CORP. and Arthur J. Nisbet, Plaintiffs-Appellees,

v.

FAIR LAWN FINISHING COMPANY and Weldon G. Helmus, Defendants-Appellants.

No. 348, Docket 24631.

United States Court of Appeals
Second Circuit.

Argued April 28, 1958.

Decided June 17, 1958.

Harry Price, New York City, for plaintiffs-appellees.

Ralph Dinklage, New York City (Burgess, Dinklage & Sprung, New York City, on the brief), for defendants-appellants.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

PER CURIAM.

The appellants submit that the basic issue is "whether or not the application of rapidly moving air to conditions of Benger type setting involves inventive combination." The district court held that it did not because of the wealth of prior analogous art in the use of rapidly moving hot air in the textile industry. We agree and affirm the declaration of invalidity on the opinion of the district judge.

The decree, 142 F.Supp. 575, is modified by eliminating the declaration of non-infringement, which we do not need to pass upon, and as so modified is

Affirmed.